IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Chief Judge Marcia S. Krieger

Criminal Action No. 16-cr-00188-MSK-GPG

UNITED STATES OF AMERICA,

    Plaintiff,

v.

NELSON SCOTT,

    Defendant.

_____

OPINION AND ORDER OVERRULING OBJECTIONS, ADOPTING
RECOMMENDATION, AND DIRECTING COMMITMENT OF DEFENDANT
_____

    **THIS MATTER** comes before the Court pursuant to Mr. Scott's Objection **(# 73)** to Magistrate Judge Gallagher's December 7, 2017 Order for Restoration of Competency **(# 69)**. The Court treats that Objection as a request for *de novo* review of a non-dispositive determination by the Magistrate Judge pursuant to Fed. R. Crim. P. 59(a).

    Mr. Scott is charged in a June 6, 2016 Indictment **(# 1)** with creating fictitious financial instruments in violation of 18 U.S.C. § 514 and bank fraud in violation of 18 U.S.C. § 1344. In December 2016, Mr. Scott's counsel made an oral motion **(# 36)** for determination of Mr. Scott's competence to stand trial under 18 U.S.C. § 4241. Judge Gallagher granted **(# 38)** that motion, directing Mr. Scott to undergo a psychological evaluation. In April 2017, the evaluating psychologist issued a report **(# 44)**, concluding that Mr. Scott was suffering from chronic Post-Traumatic Stress Disorder, and that the consequences of that diagnosis (and related conditions) "compromised his ability to think logically and accurately." The psychologist determined that

Mr. Scott "his mental health and his ability to participate in his defense are compromised to the degree that he is not competent in this regard." The psychologist also noted that his condition "waxes and wanes in response to stress in his life" and could potentially be managed by cognitive rehabilitation treatment.

At Mr. Scott's request, Judge Gallagher directed **(# 57)** that a second evaluation occur. Mr. Scott then underwent periodic treatment at the Department of Veterans' Affairs ("VA") Mental Hygiene Clinic.[1] On December 5, 2017, Judge Gallagher conducted an evidentiary hearing **(# 68)** regarding Mr. Scott's competence, hearing testimony from two defense witnesses, both of whom were Mr. Scott's treating psychologists. At the conclusion of that hearing, Judge Gallagher entered oral findings that Mr. Scott was unable to understand the nature and consequences of the proceeding against him and was unable to assist in his defense, rendering him incompetent to stand trial. In a written Order **(# 69)** of December 7, 2017, Judge Gallagher recommended that this Court find Mr. Scott incompetent, and further recommended that Mr. Scott be committed to the custody of the Attorney General to determine whether he could be restored to competence. 18 U.S.C. § 4241(d).

On December 15, 2017, Mr. Scott filed the instant Objection **(# 73)** to Judge Gallagher's Order, objecting to that portion of the Order that committed Mr. Scott to the custody of the Attorney General for further evaluation.[2] Mr. Scott noted that he has been released on bond pending trial in the case and that he has not yet been convicted. He argues that no findings to date "justif[y] pretrial detention in the custody of the Attorney General." *Citing U.S. v. Salerno*,

---

[1] The record appears to contain progress notes **(# 60-1)** regarding Mr. Scott's treatment, but no evaluative report.

[2] Notably, Mr. Scott does not object to Judge Gallagher's findings that he is presently incompetent under 18 U.S.C. § 4241(a). Finding no clear error in that determination, this Court adopts it.

481 U.S. 739, 753-54 (1987). He contends that the provisions of 18 U.S.C. § 4241(d), which require commitment of an incompetent individual to the custody of the Attorney General, unconstitutionally deprives him of his rights to Due Process and Equal Protection, as well as a statutory right to release on bond. Beyond stating these arguments, Mr. Scott does not significantly develop them.

Several courts have considered and rejected the specific Due Process argument Mr. Scott urges here. *U.S. v. Shawar*, 865 F.2d 856, 863 (7th Cir. 1989); *U.S. v. Donofrio*, 896 F.2d 1301, 1302-03 (11th Cir. 1990); *U.S. v. Strong*, 489 F.3d 1055, 1060 (9th Cir. 2007). Still other courts have endorsed the reasoning underlying these decisions, if not squarely addressing the question. *See e.g. U.S. v. Magassouba*, 544 F.3d 387, 403 (2d Cir. 2008). This Court's research has revealed no circuit court decisions that reach the contrary result and adopt the arguments made by Mr. Scott. In such circumstances, this Court is inclined to follow the unanimous weight of authority from other circuits and conclude that the commitment of Mr. Scott to the Attorney General under § 4241(d) poses no Due Process concerns.

As to Mr. Scott's Equal Protection argument, the Court is unable to even formulate it. The crux of the Equal Protection clause is that similarly-situated persons must be treated similarly. *See generally Engquist v. Oregon Dept. of Agriculture*, 126 S.Ct. 2146, 2153 (2008). Here, it is not clear what similarly-situated persons Mr. Scott alleges have received more favorable treatment than he has. He argues that § 4241 "subjects him to secure placement before his conviction of any crime [places him] on a different basis than a 77-year old with dementia who is not charged with a bailable offense." If the Court is parsing this argument correctly, Mr. Scott is contending that, by being confined for a limited time for further competency proceedings, he is being treated less-favorably than a similarly-situated offender who was <u>not</u>

granted bail, and who is therefore confined throughout the pretrial process. In any event, commitment to the Attorney General is mandatory under the terms of §4241(b) -- "the court <u>shall</u> commit the defendant to the custody of the Attorney General." *U.S. v. Millard-Grasshorn*, 603 F.3d 492, 494 (8th Cir. 2010). Thus, Mr. Scott is similarly-situated to every defendant on bond who has been found incompetent, as all such defendants must be temporarily committed as a result of such finding. Accordingly, the Court rejects Mr. Scott's Equal Protection argument.

Finally, the Court has reviewed *Salerno*, as cited by Mr. Scott, and finds nothing therein that would support Mr. Scott's contentions. *Salerno* dealt with a challenge to the constitutionality of the Bail Reform Act, and specifically, its provisions allowing bail to be denied based on concerns of "future dangerousness." 481 U.S. at 746. *Salerno* neither cites nor considers the operation of § 4241(b), and thus, its relevance here is doubtful.

Accordingly, the Court, upon *de novo* review, **OVERRULES** Mr. Scott's Objection **(#73)** and **ADOPTS** Judge Gallagher's recommendation. Mr. Scott is found to be suffering from a metal disease or defect that renders him mentally incompetent and unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense. Pursuant to 18 U.S.C. § 4241(b), it is therefore mandatory that the Court commit him to the custody of the Attorney General of the United States. The Attorney General shall hospitalize Mr. Scott for treatment in a suitable facility[3] for a reasonable period of time, not to exceed four months, to determine whether there is a substantial probability that he will attain competence so as to permit the proceedings to go forward. At the conclusion of Mr. Scott's hospitalization, the Attorney General shall make the report required by 18 U.S.C. § 4241(e). Mr. Scott, with the

---

[3] Although this Court offers no opinion on the matter, it is conceivable that the Attorney General could conclude that a "suitable facility" for Mr. Scott might be his local VA clinic or such other outpatient treatment that his "hospitalization" would not be inconsistent with his release on bond.

4

assistance of his counsel, shall coordinate with the United States Marshal's Service and the United States Attorney, as representatives of the Attorney General, to arrange the location, transportation, and processing of Mr. Scott's commitment, and Mr. Scott shall surrender to the Marshal's Service on such terms as may be directed.

Dated this 25th day of January, 2018.

**BY THE COURT:**

_____

Marcia S. Krieger
Chief United States District Judge